ORIGINAL

<mark>U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 16 2011
CLERK, U.S. DISTRICT COURT
By _____</mark>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOPANGELIA G. BINGHAM,<br>    Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:10-CV-972-Y |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>    Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Topangelia G. Bingham, Reg. No. 13514-179, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

C. PROCEDURAL HISTORY

On June 18, 2009, pursuant to a plea agreement, Bingham pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, in the United States District Court for the Southern District of Texas, Houston Division, and, on January 12, 2010, she was sentenced to a term of sixty months imprisonment. *See United States v. Bingham*, PACER, U.S. Party/Case Index, Criminal Docket for # 4:08-CR-00453-1. Bingham did not appeal her conviction or sentence nor has she pursued a motion under 28 U.S.C. § 2255 in the convicting court challenging his conviction or sentence. Bingham filed this federal petition wherein she challenges her conviction under § 2241 in this division, where she is currently incarcerated. The government has filed a motion to dismiss the petition for lack of jurisdiction.

D. DISCUSSION

Bingham claims the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), and *Weyhrauch v. United States*, 130 S. Ct. 2971 (2010), all of which involved the "honest services" fraud statute in 18 U.S.C. § 1346,[1] have rendered the conduct for which she was convicted under the bank fraud statute non-criminal, and, thus, she is actually innocent of the offense. (Pet. at 2-6) Because Bingham cannot meet the requirements of the savings clause under 28 U.S.C. § 2255(e), the petition should be dismissed for lack of jurisdiction.

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary

---

[1] In the three cases cited by Bingham, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute, with *Skilling* resulting in the Court's lead opinion.

2

means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Bingham has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. Nor has she shown that the savings clause applies to her claim of actual innocence. *Padilla v. United States,* 416 F.3d 424, 426 (5th Cir. 2005) (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes-Requena*, 243 F.3d at 900-01). The Supreme Court has not held *Skilling* applies retroactively to cases on collateral review, and, contrary to her assertion, Bingham cannot demonstrate that she was convicted of a nonexistent offense. In *Skilling*, the Supreme Court held that 18 U.S.C. § 1346[2] criminalizes only

---

[2]Section 1346 provides:

(continued...)

"fraudulent schemes to deprive another of honest services through bribes or kickbacks." *Skilling*, 130 S. Ct. at 2928. Bingham pled guilty to count one of the indictment, wherein she was charged with bank fraud, in violation of 18 U.S.C. § 1344. There was no reference to § 1346 or allegations of honest services fraud–*i.e.*, a scheme to deprive another of the intangible right to honest services, explicitly or implicitly, in the indictment. *See United States v. Hoeffner*, 626 F.3d 857, 864-66 (5th Cir. 2010); *United States v. Anderson*, No. 3:10-CV-1550-B, 2010 WL 4623831, at *1-2 (N.D.Tex. Oct. 20, 2010). Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her conviction.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted, and Bingham's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

---

[2](...continued)
        For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

18 U.S.C. § 1346.

4

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 9, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 9, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February __16__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5