IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOPANGELIA G. BINGHAM, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:10-CV-972-Y |
| | § | |
| JOE KEFFER, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 of petitioner Topangelia G. Bingham, along with the February 16, 2011, findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until March 9 to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the proposed findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, Respondent's motion to dismiss should be granted, and the petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED as modified.[1]

---

[1] As determined by the magistrate judge, because Bingham was not convicted of any offenses involving the "honest services" doctrine, the decision of the Supreme Court in *Skilling v. United States,* 130 S.Ct. 2896 (2010) has no relevance and is not applicable. The magistrate judge also determined that the *Skilling* decision is not a retroactively-applicable decision for purposes of the first element in the test for determining whether a § 2241 petition may be filed consistent with the "savings clause" of § 2255. *See generally Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003)(citing *Reyes-Requena,* 243 F.3d 893, 904 (5th cir. 2001)

    (A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively-applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing

Respondent's motion to dismiss (doc. 7) is GRANTED.

Topangelia G. Bingham's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED March 17, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.)

Because the *Skilling* retroactivity issue has not been addressed by the circuit court, and because it has been suggested by some judges that *Skilling* is retroactive, the Court observes that even if *Skilling* is deemed retroactively applicable, that does not change the resolution of this case; *Skilling* does not apply to Petitioner's offense.